d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD SYLVAS #106762,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00594<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| JEREMY WILEY ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Appoint Counsel (ECF No. 9). Petitioner seeks appointment of counsel because he has not been able to secure "Inmate Counsel" at his current facility, and to add Timothy Ward as a new Defendant. ECF No. 9.

For the following reasons, the Motion to Appoint Counsel (ECF No. 9) is hereby DENIED.

I. Background

Petitioner is currently incarcerated at the River Bend Detention Center, 9450 Hwy 65 South, Lake Providence, LA ("RBDC"). He claims that this lawsuit involves complex and disputed questions of fact and law. ECF No. 9-1. He also alleges that he has been unable to obtain private counsel despite several attempts; that he has no assets and significant liabilities, and; that he speaks English fluently.

II. Law and Analysis

The following standards govern motions to appoint counsel:

> Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. This language is not significantly different from that of former section 1915(d). [T]he United States Supreme Court [has held] that federal courts can only request that an attorney represent a person unable to employ counsel, because federal courts are not empowered under 28 U.S.C. § 1915(d) to make compulsory appointments.
>
> Generally speaking, no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d) where exceptional circumstances are present.
>
> Even when a plaintiff has nonfrivolous § 1983 claims, a "trial court is not required to appoint counsel ... unless the case presents exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); see also Jackson v. Cain, 864 F. 2d 1235, 1242 (5th Cir. 1989). Though the Fifth Circuit has declined to articulate a "comprehensive definition of exceptional circumstances," Ulmer, 691 F.2d at 213 (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)), the court has supplied factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including:
>
>> 1. the type and complexity of the case;
>> 2. the petitioner's ability to present and investigate his case;
>> 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
>> 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (internal quotation marks and citation omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel. See Jackson, 864 F.2d. at 1242; Ulmer, 91 F.2d. at 213.

In this case, Sylvas moved for appointment only after the Court granted his motion to amend. ECF No. 9. The factual issues are simple; exceptional skill will not be necessary to prosecute the case; However, no other exceptional circumstances warrant appointment of counsel. And Sylvas has already demonstrated the ability to file a complaint and a motion. ECF No. 1, 9.

### III. Conclusion

Accordingly;

IT IS RECOMMENDED that Sylvas's Motion to Appoint Counsel (ECF No. ) be DENIED.

SIGNED on Wednesday, December 3, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE