a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DONALD SYLVAS #106762,
Plaintiff

CIVIL DOCKET NO. 1:25-CV-00594
SEC P

VERSUS

JUDGE EDWARDS

JEREMY WILEY ET AL,
Defendants

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Donald Sylvas ("Sylvas"). ECF No. 1. Sylvas is incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. He alleges the violation of his constitutional rights while incarcerated at Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana.

Because Sylvas fails to state a viable claim, his Complaint (ECF No. 1) should be DENIED.

## I.   Background

Sylvas alleges that his life was "put at risk" by forcing him to live with second-hand smoke for 13 months at Catahoula Correctional Center. ECF No. 1 at 3. Sylvas asserts that he was transferred to Tensas Parish Detention Center in retaliation for complaining about the smoke. *Id.* He also alleges that he gets "no access to the courts or law library." *Id.*

1

Sylvas asserts that state officials "refuse to honor" the judge's sentence to provide him with programming options to earn sentencing credits under Act 280. *Id.* at 4.

Finally, Sylvas alleges that he has received inadequate dental care for dental abscesses in March 2024 and October 2024. *Id.* at 5.

Sylvas requests that he be given one year of credit toward his sentence as well as $50,000 for mental anguish. *Id.* at 6.

## II.    Law and Analysis

### A.    The Complaint is subject to preliminary screening.

Sylvas is a prisoner who has been permitted to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, the Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Sylvas is proceeding *in forma pauperis*, the Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[1]

---

[1] A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

**B.**    <u>Sylvas is not entitled to programming, and his request for release cannot be pursued in a civil rights action.</u>

Sylvas requests sentencing credit, which would make him eligible for parole. To the extent Sylvas asserts that he is entitled to release prior to the expiration of his sentence, his claim is not viable under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a prisoner seeking "a determination that he is entitled to immediate release or a speedier release" from custody must pursue relief through a petition for writ of habeas corpus, not through § 1983).

If Sylas merely seeks credits that would make him eligible for parole consideration, his claim still fails. "Louisiana parole statutes do not create an expectancy of release or [a] liberty interest in general." *Young v. LeBlanc*, 20-30430, 2022 WL 2072861, at *4 (5th Cir. 2022) (citing *Bosworth v. Whitley*, 627 So. 2d 629, 633 (La. 1993)); *see also Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999) (no constitutionally protected liberty interest "under the Louisiana parole statutes or other state statutes encouraging the rehabilitation of inmates"). There is no liberty interest in the right to earn good-time credits through participating in programs that will increase parole eligibility. *Ketzel v. Trevino*, 264 F.3d 1140 (5th Cir. 2001) (citing

---

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

*Malchi v. Thaler,* 211 F.3d 953, 957-59 (5th Cir. 2000)).  Nor is there a liberty interest in the programs themselves.  *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) (no liberty interest in substance abuse treatment or educational/vocational programs).[2]

### C.    Sylvas fails to allege a viable claim regarding delayed medical care.

"Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983." *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976)).  Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal citation and quotation marks omitted).  The "official conduct must be 'wanton,' which is defined to mean 'reckless.' " *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Id.* Additionally, an incorrect diagnosis by medical personnel or the "failure to alleviate a significant risk that [the official] should have perceived, but did not" are both insufficient to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

---

[2] As the Warden informed Sylvas in responding to his grievance, CCC offers programing and classes that are approved by the Louisiana Department of Corrections.  "However, CCC does not determine who is selected to participate in these programs; that decision is made by DOC."  ECF No. 1-2 at 6.

"[A]n inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs." *Mickens v. Stalder*, 2008 WL 544240, at *2 (W.D. La. 2008) (citing *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997)). And a plaintiff alleging a delay in medical care must show that the delay was caused by deliberate indifference and resulted in substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993).

Sylvas alleges that treatment for his first abscess was successful, but he developed another abscess seven months later. ECF No. 1 at 5. He asserts that medication was prescribed, but not administered consistently, resulting in a three-month delay in having his tooth extracted. *Id.* Sylvas does not allege that the delay was caused by a refusal to treat him, intentional acts, or wanton disregard, as opposed to staff negligence.

The United States Fifth Circuit Court of Appeals has noted: "The treatment may not have been the best that money could buy, and occasionally, a dose of medication may have been forgotten, but these deficiencies were minimal, they do not show an unreasonable standard of care, and they fall short of establishing deliberate indifference by the prison authorities." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The Fifth Circuit also rejected a deliberate indifference claim where an inmate alleged that medical staff failed to administer 180 doses of his medication over a one year period. *See Hall v. Thomas*, 190 F.3d 693,697 (5th Cir. 1999). It also found that the "'occasional expiration of prescriptions . . . was constitutionally insignificant.'"

*Boyd v. Monroe*, 6:17-cv-649, 2018 WL 11462741, at *2 (E.D. Tex. 2018), *aff'd*, 772 F. App'x 92 (5th Cir. 2019) (quoting *Stockwell v. Kanan*, 442 F. App'x 911, 914 (5th Cir. 2011). Accordingly, Sylvas has not alleged deliberate indifference to his serious medical needs sufficient to state a viable claim.

> ### D.   Sylvas fails to state a viable claim regarding the conditions of his confinement, access to courts, or retaliation.

Sylvas alleges that Defendant forced him to endure second-hand smoke for 13 months at Catahoula Correctional Center. ECF No. 1 at 3. In *Helling v. McKinney*, 509 U.S. 25, 35–36 (1993), the United States Supreme Court established a two-part test to state a viable claim regarding environmental tobacco smoke ("ETS"). A prisoner must allege that: (1) he was exposed to unreasonably high levels of secondhand smoke; and (2) prison authorities were subjectively deliberately indifferent to his plight. *Id.*

Sylvas does not allege that he was exposed to "unreasonably high" levels of ETS. According to an attachment to the Complaint, CCC allows tobacco use only in designated areas. No smoking signage is posted in all dorms, and non-smoking policies are strictly enforced. ECF No. 1-2 at 6. Sylvas does not allege that Defendants were deliberately indifferent to his plight.

Sylvas asserts that he was transferred to Tensas Parish Detention Center in retaliation for complaining about ETS. *Id.* But this is a conclusory allegation. Sylvas provides not facts to support a theory that the motivation behind the transfer was retaliatory. *See Ahmad v. Ortiz*, 44 F.3d 1004 (5th Cir. 1994); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (plaintiff must allege "causation, *i.e.*,

'but for the retaliatory motive the complained of incident . . . would not have occurred.'" (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

Finally, Sylvas alleges a denial of access to the courts due to lost paperwork and lack of access to a law library.  ECF No. 1 at 3.  The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Thus, to state a viable claim, a plaintiff must allege that his position as a litigant was actually prejudiced.  *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)).  Sylvas does not allege that he was prevented from bringing any non-frivolous legal claims.

### E.    Sylvas is not entitled to compensatory damages.

Sylvas's request to be compensated for mental anguish also fails.  "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that § 1997e(e) bars compensatory damages for allegations of "mental anguish, emotional distress, psychological harm," and the like).  Sylvas does not allege that he suffered a physical injury that is more than *de minimis*. *See Siglar v. Hightower,* 112 F.3d 191, 193–94 (5th Cir. 1997) (affirming dismissal of claim seeking damages for a *de minumus* injury as frivolous)).

7

## III.   Conclusion

Because Sylvas fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(B) and § 1915A, but without prejudice to filing a habeas petition regarding the length of his sentence.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, January 21, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE